State vs. Lewis.

---

## No. 10,350.

### THE STATE OF LOUISIANA VS. ALPHONSE LEWIS, ALIAS JOSEPH NORBERT.

1. The discretion of a trial judge, in *sustaining* a challenge, on the part of the State, of a juror, for cause. is not reviewable on appeal, and an error in such ruling does not entitle the accused to relief. The defendant cannot exercise any control over the *rejection* of jurors by the State.
2. A second arraignment having been made under the *information*, no additional time for summoning of witnesses can be required thereafter, and on that account.
3. Overruled and disallowed objections cannot be a proper foundation for a new trial.
4. The fact that, in an *information* charging the commission of the offense of obtaining goods under false pretenses, the phrase, "with intent to defraud" is employed, instead of the phrase "with intent to defraud him of the same," is of no special significance, when it appears that in the same sentence occur specifications of the goods obtained, the false pretense by which they were obtained, and the name of the person from whom they were obtained. In such case it is to be presumed that the intent to defraud had clear reference to the owner of the goods.

APPEAL from the Twenty-first. District Court, Parish of St. Martin.
Mouton, J.

*Walter H. Rogers,* Attorney General, for the State, Appellee.

*Robert Martin,* for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J.   From a conviction of the offense of obtaining goods under false pretenses, and sentence to imprisonment at hard labor, the defendant appeals.

The information substantially charges that, Alphonse Lewis *alias* Joseph Norbert, unlawfully and knowingly, did falsely pretend to Alfred Martin as the agent and clerk of one J. J. Nassans, the proprietor of a store, that said proprietor had requested and instructed the said clerk, through him, the defendant, to sell him such goods as the latter wanted, on terms of credit.

That, through this false pretense, the defendant obtained goods from said clerk, of the value of twenty dollars, the same being the " goods and chattles of said J. J. Nassans, with intent to defraud; whereas, in truth and in fact, the said J. J. Nassans, had not seen, nor spoken to the said Alphonse Lewis *alias* Joseph Norbert, nor sent him to Alfred Martin, his clerk, with the authorization and request to said Alfred Martin, to sell on credit to the said Alphonse Lewis, goods, etc."

During the course of the trial a number of bills of exception were taken by the defendant's counsel to various rulings of the trial judge, and which are earnestly pressed upon our consideration here, and which we will consider chronologically.

## I.

The trial judge sustained an objection, urged on the part of the prosecution, to the competency of a juror, and excluded him from the panel, and that ruling is assigned as error here.

In State vs. Jake Shields, 33 Ann. 1410, this court considered this question, and, after a careful examination of common law authorities, said :

" Exception is taken to the action of the court in excusing a juryman, for a cause which the defendant contends was not sufficient under the law.   Admitting the cause was not sufficient, the judge exercised his discretion in determining the question, and his error in such matters would afford no ground for relief."   1 Bishop on Crim. Prac., Sec. 926.

In State vs. Wyatt Creech, 38 Ann. 481, we said on this subject :

" Counsel charge error in the ruling of the judge in passing on the qualifications of a juror.   The challenge for cause by the State, was sustained over the objection of defendant's counsel, who urged then, as they do now, that the cause of alleged disqualification was not sufficient.

" It is not suggested that, at that stage of the proceedings, or even during the whole trial, the accused had exhausted his peremptory chal-

lenges, and that, in consequence of the judge's ruling he had been compelled to accept an obnoxious juror.

" His counsel confounded the right of challenge, which is granted as a means of *rejecting* jurors, with the exercise of that right as a means of *selecting* jurors. It is no longer an open question in criminal jurisprudence, that the rejecting of a juror by the trial judge, even if erroneous, affords of itself no legal ground of complaint to the accused.".

In this opinion are brought up an array of authorities, in support of this ruling, and on the faith of which we unhesitatingly affirm the doctrine announced therein, and approve the ruling of the trial judge.

## II.

The accused complains, and assigns the ruling of the judge, denying him a postponement of the trial, in order to have a certain named witness summoned, as error, under the following state of facts, to the substantial correctness of which he certifies, viz:

" Under the impression that the prisoner had been arraigned, the district attorney had, several days previously, fixed the case for trial for the 7th of February. Thereupon all witnesses for the State and the defendant had been duly summoned; when, on the 7th, the case was called for trial and the accused, in open court, declared that two of his witnesses had not answered, viz, Michel and LeBlanc; but if the latter, LeBlanc, could be had, he did not care about having Michel — that he could do without him, and would go to trial; but that LeBlanc was sick and unable to attend. Just at this moment, when the State's attorney and defendant's (counsel) were consulting for the purpose of assigning the case to some other day when LeBlanc could be present, LeBlanc appeared in court and answered to his name. Whereupon, and owing to the defendant's previous statement that, with LeBlanc present, he was ready for trial, the court ordered the trial to be proceeded with. When the jury was about being called for empaneling, the district attorney discovered that the accused had not been arraigned  *  *  Whereupon the court ordered the prisoner to be arraigned  *  *  and this being done it further ordered that the case be fixed *instanter* for trial, and that the trial be at once proceeded with, inasmuch as, five minutes previously, the accused had stated that if LeBlanc were present in court, he was ready to go to trial."

On this statement of fact, which is contained in the defendant's bill of exceptions, the judge assigned his belief to be, that " delay was the sole and only object of the defendant in refusing to go to trial;" and we are also of the same opinion.

### III.

Another bill of exceptions was retained because the accused was not granted time to have issued served and returned, a subpœna for a witness. This is substantially the same objection as the one discussed in the preceding paragraph, and it needs no further elaboration.

### IV.

On the same grounds as those enumerated in the foregoing paragraphs, the accused moved for a new trial, and to its refusal retained a bill of exceptions. Inasmuch as the errors assigned in those rulings, did not prevail, it follows that the application for a new trial based upon them, must be equally unavailing.

### V.

Finally the accused tendered a motion in arrest of judgment on the ground that the information does not disclose the necessary ingredients to constitute the crime of obtaining goods under false pretenses, and that no legal sentence can be passed upon him thereunder.

That from said information it appears that the accused is charged with having told "a simple naked lie which cannot be the basis of an indictment."

From neither the motion, nor the judge's ruling, can we glean what the precise complaint of the information is ; but in the brief of defendant's counsel, we find this statement, viz :

"Under the words of the statute, obtaining goods by false pretense, does not constitute an offense against the statute, unless the goods were so obtained with intent to defraud the *owner thereof*."

Section 813 of the Revised Statutes, under which the accused was indicted, provides that, "when one, by any false pretense, shall obtain * * from any person, money or any property, with intent to defraud *him of the same*, shall, etc."

Recurring to the phraseology of the information as set out in the beginning of this opinion, and it appears that it substantially conforms to the statute. That through the false pretense recited the defendant obtained goods from one Alfred Martin, the acting clerk of the owner, J. J. Nassans, "with intent to defraud."

Evidently "with the intent to defraud *him of the same*," was intended, and said words were, in all likelihood, casually or accidentally omitted from the indictment. The fact that, in the same sentence with the phrase "with the intent to defraud," occurs the specification of the goods obtained, the false pretense by which they were obtained, and the

name of the person from whom they were obtained, necessarily presupposes that said intent to defraud had clear reference to said Nassans, as the owner. The objection is technical.

This court, and its predecessors, have often held that if an indictment, charging a statutory offense, pursues the language of the statute denouncing it, it is sufficient; but it has never held that such indictment *must* follow its language, under the pain of nullity. Nor is such the case. It is permissive, not obligatory. In such case the use of the language of the statute is not sacramental, but sufficient.

We think the indictment has followed the statute substantially, and is not open to the objection urged against it.

None of the objections assigned by the defendant's counsel were well taken, and the trial judge committed no error in his rulings.

Judgment affirmed.